**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN A. NKWUO, | No. 16-15494 |
| Plaintiff-Appellant, | D.C. No. 5:14-cv-05192-HRL |
| v. | |
| DAN ANGEL, President; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Howard R. Lloyd, Magistrate Judge, Presiding[**]

Submitted July 11, 2017[***]

Before:      CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

John A. Nkwuo appeals pro se from the district court's summary judgment

in his action alleging federal and state law claims related to his disqualification

from Golden Gate University's Doctor of Business Administration ("DBA")

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The parties consented to proceed before a magistrate judge. *See* 28
U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

program. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Nkwuo's claims alleging breach of contract and "abuse of power, discretional authority and bad faith" because Nkwuo failed to raise a genuine dispute of material fact as to whether defendants breached a contractual duty or whether defendants' actions were arbitrary and capricious. *See Paulsen v. Golden Gate Univ.*, 602 P.2d 778, 781 (Cal. 1979) (setting forth deferential standard of review for a university's academic decisions); *see also Banks v. Dominican Coll.*, 42 Cal. Rptr. 2d 110, 115 (Ct. App. 1995) ("[A]n essential element of all claims . . . which seek to challenge an academic decision of a private university, is proof that the decision was arbitrary and capricious . . . .").

The district court properly granted summary judgment on Nkwuo's disparate treatment claims on the basis of race and national origin because Nkwuo failed to establish a prima facie case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973) (setting forth burden-shifting framework under which plaintiff bears the initial burden to establish a prima facie case of discrimination); *see also Rashdan v. Geissberger*, 764 F.3d 1179, 1182 (9th Cir. 2014) (applying *McDonnell Douglas* burden-shifting framework to disparate treatment claims under Title VI); *Harris v. Capital Growth Inv'rs XIV*, 805 P.2d

2                                                              16-15494

873, 893 (Cal. 1991) (a plaintiff must "plead and prove intentional discrimination" to establish a claim under the Unruh Civil Rights Act), *superseded by statute on other grounds as stated in Munson v. Del Taco, Inc.*, 208 P.3d 623 (Cal. 2009).

The district court properly granted summary judgment on Nkwuo's harassment and hostile educational environment claims because Nkwuo failed to raise a triable dispute as to whether defendants created a racially hostile environment or had any discriminatory intent. *See Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1033 (9th Cir. 1998) (Title VI claim of racially hostile environment requires "severe, pervasive, or persistent" racial harassment (citation and internal quotation marks omitted)); *Harris*, 805 P.2d at 893.

The district court properly granted summary judgment on Nkwuo's plagiarism and conversion claims because Nkwuo failed to raise a triable dispute as to the essential elements of these claims. *See Klekas v. EMI Films, Inc.*, 198 Cal. Rptr. 296, 301 (Ct. App. 1984) (plagiarism requires some substantial similarity between the allegedly plagiarized work and protectable portions of plaintiff's work); *see also L.A. Fed. Credit Union v. Madatyan*, 147 Cal. Rptr. 3d 768, 771 (Ct. App. 2012) (conversion requires a wrongful act or disposition of plaintiff's property rights).

The district court properly granted summary judgment on Nkwuo's intentional infliction of emotional distress claim because Nkwuo failed to raise a

triable dispute as to whether defendants engaged in extreme and outrageous conduct. *See Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (elements of a cause of action for intentional infliction of emotional distress).

The district court properly granted summary judgment on Nkwuo's Fourth Amendment claims because Nkwuo failed to raise a triable dispute as to whether defendants are state actors. *See United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (the Fourth Amendment does not apply to a search or seizure "effected by a private individual not acting as an agent of the Government" (citation and internal quotation marks omitted)); *Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982) (receipt of public funds "does not make the [private school's] decisions acts of the State").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as meritless Nkwuo's contentions regarding service of documents in the district court, admissibility of defendants' declarations in support of summary judgment, or obstruction of justice by the district court.

All pending requests and motions are denied.

**AFFIRMED.**

16-15494